**FILED**
SEP - 2 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher Bullard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 1670** |
| ) | |
| The United States *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which is accompanied by an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case for lack of subject matter jurisdiction, as required by Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Plaintiff, a prisoner in North Carolina, alleges that on May 12, 2009, he filed two non-provisional patent applications with the Patent and Trademark Office ("PTO"), but the PTO returned them on June 1, 2009, as incomplete in part because they were submitted without the $165 filing fee. *See* Compl. Attachments. "An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Patent Appeals and Interferences, having once paid the fee for such appeal." 35 U.S.C. § 134(a). And "[a]n applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences . . . may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Director in the United States District Court for the District of Columbia[.]" 35 U.S.C. § 145.

The exhaustion of administrative remedies is a jurisdictional prerequisite to filing a civil lawsuit arising from the denial of a patent. *Leighton v. Coe*, 130 F.2d 841, 842 (D.C. Cir. 1942); *see Field v. Manbeck* 1990 WL 116818, * 3 (D.D.C., Aug. 2, 1990) ("The plaintiff has not received a decision from the Board of Patent Appeals and thus this Court does not have jurisdiction over this action in the absence of a final agency decision, pursuant to 35 U.S.C. § 145 and 5 U.S.C. § 704."). To the extent that plaintiff is seeking a writ of mandamus under 28 U.S.C. § 1651 to compel the PTO Director to waive the patent filing fee, *see* Form Compl. at 5 (relief sought), he has not cited authority showing that he has a "'clear and indisputable' right to [such] relief," *In re Cheney*, 406 F.3d 723, 730 (D.C. Cir. 2005), and "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The complaint therefore is dismissed. A separate Order accompanies this Memorandum Opinion.

                                                       /s/
                                            United States District Judge

Date: August 26, 2009